UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

MARIE NAPOLI,                                          Case No:

            Plaintiff,

                                        **COMPLAINT**

      v.

New York Supreme Court for
in the County of New York and Justice Cynthia S. Kern
(official capacity only);
Vanessa Dennis Russel, David S. Ratner, David Ratner
Law Firm, Clifford James and Law Offices
Of Clifford James,

            Defendants.

-------------------------------------------------------------------X

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress depravation of Plaintiff's constitutional rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Subject matter jurisdiction is founded upon 28 U.S.C. § 1331 which gives this court over all civil actions arising under the Constitution, laws, and treaties of the United States.

3. Subject matter jurisdiction is also founded upon 28 U.S.C. § 1343 which gives this court original jurisdiction over any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the united States, and any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

4. United States District Court for the Eastern District of New York has jurisdiction to issue declaratory relief pursuant to 28 U.S.C § 2201.

5. The claims are cognizable under the United States Constitution and 42 U.S.C. § 1983.

6. The events giving rise to this action occurred in New York and Plaintiff resides in Nassau County, which sits in the Eastern District of New York.

7. Venue is proper in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b)(2), in that this is the judicial district in which Plaintiff resides and where the underlying case giving rise to the injury is currently pending.

### PARTIES

8. Marie Napoli is a natural person residing in Nassau County in the State of New York, which sits within the Eastern District of New York, who has brought this declaratory and injunctive relief action to protect her constitutional rights to free speech and expression.

9. Vanessa Dennis is a natural person residing in Houston, Texas and has brought suit in the underlying case for defamation in the State of New York currently pending in Supreme Court, Nassau County, *Dennis v. Napoli,* Index #: 600454/2016.

10. David S. Ratner is an attorney practicing law in the State of New York and currently representing Vanessa Dennis in an action against Marie Napoli now pending in Supreme Court, Nassau County.

11. David Ratner Law Firm is an entity used by David S. Ratner for the practice of law in the State of New York.

12. Clifford James is a natural person practicing law in the State of New York and previously represented Vanessa Dennis when the action was pending before Justice Cynthia S. Kern in New York Supreme Court, New York County, before the matter was transferred to the Supreme Court, Nassau County.

13. Law Offices of Clifford James is an entity used by Clifford James for the practice of law in the State of New York.

14. Justice Cynthia S. Kern was the presiding judge in *Dennis v. Napoli* who issued the Gag Order, attached as Exh. 1.

15. Justice Cynthia S. Kern is not entitled to judicial immunity since Plaintiff is seeking only declaratory and prospective injunctive relief. *See, e.g., Ex Parte Young*, 209 U.S. 123 (1908).

16. Vanessa Dennis, and her lawyers were acting under color of state law when she used the New York judicial process to deprive Plaintiff of her First Amendment rights without due process. See, e.g. *Shelly v. Kraemer*, 334 U.S. 1, 22-23 (1948).

17. Vanessa Dennis and her lawyers, as a party to *Dennis v. Napoli*, have standing to enforce the Gag Order.

18. Plaintiff believes that Dennis and/or her lawyers will seek to hold her in contempt for any violations of the Gag Order.

19. Plaintiff truthfully believes, based on the statements of the Court that Justice Cynthia Kern will enforce the Gag Order to its fullest extent if informed of a violation, including holding Plaintiff in contempt.

## GENERAL ALLEGATIONS

20. The First and Fourteenth Amendments to the United States Constitution establish Plaintiff's rights to freedom of speech, freedom of the press, and freedom of expression.

21. The Gag Order purports to applies to Plaintiff Marie Napoli who was victimized by Vanessa Dennis due to Vanessa Dennis's sexual addiction and immoral behavior targeting her husband and family.

22. This Gag Order prevents the Plaintiff from telling her story publically and to warn other women who are in danger of Vanessa Dennis's abusive behavior.

23. This Gag Order prevents the Plaintiff from freedom of association with individuals, including asbestos attorneys, within Plaintiff's small asbestos legal community.

3

24. This Gag Order prevents the Plaintiff from clearing her family name and speaking out about the abuse she suffered within Plaintiff's legal community.

25. Plaintiff has already suffered and continues to suffer a deprivation of her Constitutional rights by virtue of the entry of the Gag Order.

26. This type of chilling effect and prior restraint comes "with a heavy presumption against constitutional validity" and is "the most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press Ass'n v Stewart*, 427 U.S. 539, 558-59 (1976).

27. No citizen of the United States should be required to engage the services of an attorney to exercise his or her basic fundamental constitutional rights. *See Citizens United v. Fed. Election Comm'n* 558 U.S. 310, 324 (2010).

28. Plaintiff had come out publically to recount her victimization in an attempt to heal and prevent further victimization of other families, as this kind of victimization flourishes through silence. Plaintiff Marie Napoli desires to continue to exercise her First Amendment rights. It is her right to discuss the victimization she experienced when fighting cancer.

29. Plaintiff Marie Napoli desires to speak the truth and clear her family name.

30. Plaintiff Marie Napoli believes she will be subject to a contempt order by Defendants if she continues to exercise her First Amendment rights.

31. The underlying subject matter of Plaintiff's victimization is of public importance, to prevent other families from being abused by a sex addict and generally to bring awareness to the damage and hidden dangers this condition poses to families that work with people with sexual addiction.

32. To limit Plaintiff's speech regarding her own experiences and victimization that could help protect other families from harm makes a mockery of the First Amendment.

33. Plaintiff, who was already a victim of a sexual addict now has been victimized again by taking away her First Amendment right to speak about out about that victimization.

4

34. Moreover, the manner in which the Gag Order was entered was repugnant to the due process clauses of the Fifth and Fourteenth Amendments, as the New York Supreme Court failed to provide Plaintiff with a hearing where Plaintiff could have provided evidence, such as the sexual addiction records, emails and testimony as to the truthfulness of Plaintiff's statements.

35. The entry of the Gag Order was unconstitutional. There is a national consensus that a prior restraint of libel is unconstitutional. Several U.S. Circuit Courts, U.S. District Courts, and state courts around the country have so concluded. Preeminent constitutional scholars have confirmed this consensus. Erwin Chemerinsky, Injunctions in Defamation Cases, 57 Syracuse L. Rev. 157, 166-67 (2007) (concluding that "injunctions are unconstitutional as a remedy in defamation cases" and noting that "the Supreme Court has never upheld a prior restraint as a permissible remedy in a defamation action"). Multiple U.S. Circuit Courts of Appeals have held that prior restraints of libelous speech violate the constitution. *See, e.g., Community for Creative Non-Violence v. Pierce*, 814 F.2d 663, 672 (D.C. Cir. 1987) ("The usual rule is 'that equity does not enjoin a libel or slander and that the only remedy for defamation is an action for damages'"); *Matter of Providence Journal Co.*, 820 F.2d 1342, 1345 (1st Cir. 1986), *opinion modified on reh'g*, 820 F.2d 1354 (1st Cir. 1987) ("If a publisher is to print a libelous, defamatory, or injurious story, an appropriate remedy, though not always totally effective, lies not in an injunction against that publication but in a damages or criminal action after publication") (emphasis in original); *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union*, 239 F.3d 172, 177 (2d Cir. 2001) ("Indeed, for almost a century the Second Circuit has subscribed to the majority view that, absent extraordinary circumstances, injunctions should not ordinarily issue in defamation cases.") (citations omitted); *Kramer v. Thompson*, 947 F.2d 666, 678-79 (3d Cir. 1991) (repeating "the maxim that equity will not enjoin a libel has enjoyed nearly two centuries of widespread acceptance at common law" and predicting that Pennsylvania would adhere to it even in the case of a final injunction against speech found to be defamatory at trial); *Alberti v. Cruise*, 383 F.2d 268, 272 (4th Cir. 1967) ("Generally an

injunction will not issue to restrain torts, such as defamation or harassment, against the person"); *e360 Insight v. The Spamhaus Project*, 500 F.3d 594 (7th Cir. 2007) (holding that "equity does not enjoin a libel or slander[;]...the only remedy for defamation is an action for damages.") (quotation marks omitted). *See also Near v. Minnesota*, 283 U.S. 697 (1931) (striking down state law that imposed a prior restraint on newspapers that "regularly and customarily produced], published]," "a malicious, scandalous and defamatory newspaper, magazine or other periodical"). Federal district courts have reached the same conclusion. *See, e.g., Alahverdian v. Nemelka*, No. 15-CV-060, 2015 WL 1276453, at \*2 (S.D. Ohio Mar. 19, 2015) ("Plaintiff is not likely to prevail on his motion for a temporary restraining order on Defendant's speech because this is not an available remedy. . . . [T]he Sixth Circuit has never departed from the general rule prohibiting as unconstitutional prior restraints in the form of temporary restraining orders or preliminary injunctions absent extraordinary circumstances."); *Puello v. Crown Heights Shmira, Inc.*, 14-CV-0959, 2014 WL 3115156, at \*2 (M.D. Pa. July 7, 2014) ("Both Pennsylvania and New York ascribe to the majority rule that equity will not enjoin a libel."); *Baker v. Joseph,* 938 F. Supp. 2d 1265, 1270 (S.D. Fla. 2013) (citing "the well-settled rule prohibiting injunctive relief in defamation cases" and denying injunctive relief against publisher of allegedly defamatory statements); *Oakley, Inc. v. McWilliams,* 879 F. Supp. 2d 1087, 1089 (C.D. Cal. 2012) (stating that "[i]njunctions against any speech, even libel, constitute prior restraints" and that "[s]uch prior restraints are presumptively unconstitutional"); *Bell v. Hampton,* 368 F. Supp. 428, 429 (E.D. Wis. 1973) ("Enjoining future publications would constitute a prior restraint not permitted by the first amendment."). State courts around the country have likewise held that prior restraints of libelous speech are unconstitutional. *See, e.g., Evans v. Evans*, 162 Cal. App. 4th 1157, 1169, 76 Cal. Rptr. 3d 859, 868 (Cal. Ct. App. 2008) ("a court may not constitutionally prevent a person from uttering a 'defamatory' statement before it has been determined at trial that the statement was defamatory"); *Degroen v. Mark Toyota-Volvo, Inc.,* 811 P.2d 443, 445 (Colo. App. 1991) (noting that "[f]or almost 60 years, the United States Supreme Court has

6

consistently held that speech cannot be subject to prior restraint merely because it is alleged to be defamatory"); *Vrasic v. Leibel*, 106 So. 3d 485, 486 (Fla. Dist. Ct. App. 2013) ("Florida's courts have long held that temporary injunctive relief is not available to prohibit the making of defamatory or libelous statements"); *Brannon v. Am. Micro Distributors, Inc.*, 255 Ga. 691, 691, 342 S.E.2d 301, 303 (Ga. 1986) ("[W]e follow the general rule that 'equity will not enjoin libel and slander'") (quoting *Pittman v. Cohn Communities, Inc.*, 240 Ga. 106, 108, 239 S.E.2d 526 (Ga. 1977)); *Nampa Charter Sck, Inc. v. DeLaPaz*, 140 Idaho 23, 27, 89 P.3d 863, 867 (2004) (upholding denial of injunction compelling defendants to refrain from making allegedly false comments about employees of charter school as "an impermissible prior restraint on speech that is critical of public officials"); *Montgomery Ward & Co. v. United Retail, Wholesale & Dep't Store Employees of Am., C.I.O.*, 400 Ill. 38, 51, 79 N.E.2d 46, 53 (Ill. 1948) ("We have shown that the commission of a libel or defamatory publication previous to its issuance may not be enjoined"); *Hill v. Petrotech Res. Corp.*, 325 S.W.3d 302, 309 (Ky. 2010) ("defamatory speech may be enjoined only after the trial court's final determination . . . that the speech at issue is, in fact, false, and only then upon the condition that the injunction be narrowly tailored to limit the prohibited speech to that which has been judicially determined to be false"); *Advanced Training Sys., Inc. v. Caswell Equip. Co.*, 352 N.W.2d 1, 11 (Minn. 1984) (noting injunctive relief suppressing libel must be "limited to the precise statements found libelous *after* a full and fair adversary proceeding") (citation omitted) (emphasis in original); *Kinney v. Barnes*, 443 S.W.3d 87, 94-95 (Tex. 2014) ("Texas law comports with the traditional rule that injunctive relief is not available in defamation actions."). This rule is so well-settled that courts have not hesitated to deny injunctive relief even when the alleged defamatory speech was highly inflammatory. In *David v. Textor*, No. 4D14- 4352, 2016 WL 64743, at *1 (Fla. Dist. Ct. App. Jan. 6, 2016), the defendant allegedly stated that "he would have killed [the other party] if he could," yet the court still struck down an "injunction prohibiting [the first party] from communicating with [the second] or posting anything about him on any websites, as well as ordering [the first] to remove any material posted regarding [the

7

second] from his website." *Id.* As the court noted, under "First Amendment principles," "[a]n injunction may not be directed to prevent defamatory speech." *Id.* at *4.

## STATEMENT OF FACTS

36. At all times, Paul and Marie Napoli enjoyed a monogamous and happy family life until April of 2013. They have three children aged eighteen, seventeen and six.

37. In or around February of 2011, Marc Bern ("Bern"), Paul's then business partner, hired Vanessa Dennis ("VD"). VD is an asbestos attorney who is an admitted sex addict having undergone treatment at New York Pathways, a sex addiction clinic as well as by two individual certified sexual addiction therapists Karen Kalstein and Kathleen Kelley. One of the sexual addiction therapists has admitted by her attorney for treating VD for her condition in 1993 between 6 and 9 months. To satisfy her habit, when an associate at Marie's husband Paul's law firm, VD sexually pursued Paul, and victimized their loving, and otherwise monogamous and happy, family life. Part of her pursuit of Marie's husband involved investigating Marie's family, personal and sexual life with her husband. VD sexual pursuit of Marie's husband resulted in the couple's separation and Marie great harm and economic losses.

38. After Marie and Paul went to great lengths and expense to repair their marriage, Marie wanted to warn others in jeopardy of being victimized by VD. VD through discovery admits to her sexual addiction treatment, sexual deviant behavior and does not deny her multiple serial affairs (all symptoms of sexual addiction). To silence Marie from revealing her true character to women whose families were in danger of victimization, VD drafted a complaint that asserted lies about Marie and which invaded her privacy. The salacious Draft Complaint threatened a defamation action surrounding her sexual addiction treatment. VD's defamation claim against Marie regarding her sexual addiction treatment is meritless, as she treated at New York Pathways and two sexual addiction therapists. VD has been sued

8

for abuse of process in relation to her false claims. *Napoli v. Dennis*, Nassau Supreme, Index No.: 606076/2016. Dkt. 106 & 107.

39. Marie wishes someone warned her that her husband's employee was a sex addict and about VD's completely inappropriate and out of control sexual behavior with her previous boss. It would have prevented much heartache. VD specifically targets her bosses and uses sex to advance her career. It is Plaintiff's opinion that all woman whose husbands are working closely with VD should be armed with this truthful information so that they are able to protect their families.

40. When confronted by her actions, VD and her lawyers vindictively drafted a defamatory and vile complaint laden with falsehoods and inaccuracies to divert focus from VD's misdeeds, attempt to extort large sums of money from Marie, and silence Marie from exposing VD's true character.

41. VD, after filing a sham summons with notice for a defamation claim (despite their awareness of VD's sex addiction, deviant sexual behavior and serial affairs), distributed their vile draft complaint and defamatory emails created by VD in anticipation of litigation. These documents disparaged Marie's body, marriage, family, husband, and firm. They were in large part irrelevant to VD's claims, created with malice and in bad faith, solely to cause harm.

42. VD threatened to publish these vile documents internationally and destroy Marie, the family and the business' reputation. They wanted to silence Marie from speaking the truth and warning others, in addition to blackmailing and extorting money.

43. Marie refused to be silent regarding the victimization of her family and instead sued VD in November 2014 for criminal conversation, interfering in her marriage, defamation, and invasion of privacy. A trial date of April 9, 2018 is set.

44. In retaliation and to shift blame onto Marie, VD filed her false complaint and destroyed Marie's reputation. Then to prevent Marie from setting the record straight, VD moved for a temporary gag order, which was denied as an unconstitutional prior restraint on speech in front of Justice Oing.

As Justice Oing explained when rejecting Dennis's request:

> No, it's a prior restraint because right now, you are going to ask me to restrain them from talking. That is a prior restraint. That's the definition of a prior restraint; it's like I'm going to stop them from talking to anybody about this case. . . . You know how hard is to limit, to tailor an injunction, and lawyers know this; ... I'm not so sure the Court will want to get involved in a dog fight that, ultimately, can be satisfied through money damages.

45. Defendant's then moved again in front of Justice Kern to silence Marie from speaking the truth, without any discovery before the matter was transferred to Nassau County. That she was able to convince Justice Kern, on her allegations alone, without any discovery to issue an illegal temporary restraining order (TRO) on Marie's speech, is incomprehensible.[1]

46. Justice Kern, based on VD false allegations and without any evidence, without an evidentiary hearing, ignored the previous order and the law of the case and imposed an illegal temporary restraining order that was upheld on appeal. Justice Kern obviously believed VD's lies. Neither the Supreme Court nor the Appellate Division permitted discovery. *See* Exh. 2. They did not know that Marie's statements were truthful and therefore protected speech. They did not know that VD was a sexual predator with serial affairs. And they issued decisions that incorrectly interpret settled First Amendment law. Marie has sought leave to appeal the order to the New York Court of Appeals, but that appeal has been denied. Defendants have improperly been able to restrain Marie's constitutionally protected truthful speech. Marie's damages are increasing due to appellate costs and additional time her constitutional rights are being violated.

47. VD is well aware that her defamation action and TRO against Marie, Case No. 600454/16, regarding statements about her sexual addiction would not stand upon discovery and the release of her sexual addiction records. She has refused to comply with two Court orders on discovery to

---

[1] *Field Day, LLC v. Cnty. Of Suffolk*, 799 F. Supp.2d 205. 215-16 (E.D.N.Y. 2011) (holding temporary orders do not give rise to collateral estoppel and res judicata because they do not present a "fair and full opportunity" for a hearing).

produce them. *See* Cozzens Orders dated June 29, 2017 and October 26, 2017 attached hereto as Exhs. 3 and 4. VD is currently in contempt of court and has now moved to discontinue her action rather than produce the discovery that would prove her victimization of Napoli and that her lawsuit was a sham. *Dennis v. Napoli* Index No. 600454/2016 Dkt 401 to 406.

48. This is not the first time Defendant Ratner has brought a frivolous claim and then in bad faith refused to produce the discovery that would be dispositive of the case. He was sanctioned for such conduct in *Markey v. Lappola Indus*, 2015 WL 5027522 (E.D.N.Y. Jan. 26, 2016), and *Vitale v. Abbott Labs.*, 2007 WL 3307212 (E.D.N.Y. Nov. 6, 2007). Just like in those cases, Mr. Ratner has failed to turn over dispositive discovery.

49. Defendants Dennis, Ratner and James have used the improper TRO in the news and legal papers to insinuate that Marie was being untruthful with regard to VD's sexual addiction, further defaming her. Marie is unable to rehabilitate her name, prove the truth and warn others in danger.

50. Marie's damages are substantial as her constitutional freedom of speech rights have been violated on a daily basis for over four years.

51. Marie was victimized by a sex addict in order for her to satisfy that addiction and then dragged through the mud and violated again and again. Defendants have aided this victimization by violating her freedom of speech so she cannot clear her name.

52. Marie's constitutional rights have been and continue to be violated on a daily basis.

53. At its core, the factual background of this case is simple: Dennis to hide her sexual addiction and improper sexual conduct toward Napoli's husband, sought a prior restraint to prevent Napoli from speaking about Dennis's immoral behavior, and the State Courts with her attorney have silenced Napoli—the innocent victim in this story who was fighting breast cancer when Dennis engaged in the immoral conduct.

## CAUSES OF ACTION

## COUNT I

### Deprivation of First Amendment rights 42 U.S.C Section 1983 against all Defendants

54. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

55. By enforcing or threatening to enforce the Gag Order, Defendants acted under color of state law, have deprived and will continue to deprive Plaintiff of her First Amendment rights to freedom of speech and expression.

56. Orders which restrict or preclude a citizen from speaking in advance are know as prior restraints.

57. The loss of First Amendment freedoms, for even minimal periods of time constitutes irreparable harm. *See Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976).

58. Actual controversies exist between the parties, and Plaintiffs have suffered and continue to suffer irreparable harm by virtue of the entry and existence of the Gag Order because it functions as a prior restraint on speech that is protected by the First Amendment.

59. A citizen's constitutional rights may only be curtailed through strict scrutiny. Where there is a compelling governmental interest and the means to effectuate that interest is narrowly tailored.

60. There was no strict scrutiny analysis in the state court, and no compelling governmental interest in issuing the Gag Order.

61. Similarly, even if there had been a compelling governmental interest in preventing Marie from revealing Dennis's true character to families of co-workers in jeopardy, which there is not, the means were not closely tailored.

62. The Gag Order is also unconstitutionally vague, as it is not clear which parties it actually covers and what conduct or speech falls under its scope. *See Grayned v. City of Rockford*, 408 U.S. 104, 109, 92 S. Ct. 349 (1972).

63. Plaintiff has exercised her freedom of speech and expression and shared information regarding her past experience with Vanessa Dennis in the hopes of protecting future families and children from falling victim to sexual addiction.

64. Vanessa Dennis has falsely portrayed Marie and her family negatively in an attempt to hide her sexual addiction and blame others for her own immoral behavior and silenced Plaintiff from vindicating herself and family in violation of her First Amendment rights.

65. Plaintiff has a legitimate concern that her ability to continue to exercise her First Amendment rights of freedom of speech and expression as described above is impaired by the Gag Order.

66. The Gag Order is unclear, vague, and overbroad, constituting an unconstitutional prior restraint on Plaintiff's First Amendment freedoms.

67. Although the Court attempted to add limiting language to the Gag Order, the Court did not hold a hearing to make any findings of fact regarding whether Marie's disclosures that were not protected speech, namely that they were true.

68. The Court also did not engage in any analysis or make any findings of fact of whether there were alternatives with lesser impact on Plaintiff's First Amendment freedoms.

69. As a direct and/or proximate cause of Defendants' actions in seeking, obtaining, enforcing, or threatening to enforce the Gag Order, Plaintiffs have suffered and continue to suffer irreparable harm to their First and Fourteenth Amendment rights to freedom of speech, press, and expression.

## COUNT II

### Deprivation of Due Process Rights 42 U.S.C. 1983 Against All Defendants

70. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs

71. The Due Process Clauses of the Fifth and Fourteenth Amendments guarantee Plaintiff, at a minimum, the right to a hearing where she can proffer, witnesses and evidence as well as give

testimony, before deprivation of her liberty, including their First and Fourteenth Amendment rights to freedom of speech, press and expression.

72. By seeking to obtain and issuing the Gag Order without providing Plaintiff with a hearing with an opportunity to proffer evidence, give testimony and examine witnesses, Defendants acting under color of state law have deprived and will continue to deprive Plaintiff of her due process of law.

73. An actual controversy exists between the parties, and Plaintiff has and continues to suffer irreparable harm by virtue of the entry and existence of the Gag Order because it deprives Plaintiff of constitutional rights without due process of law.

74. A prior restraint issued prior to a full and fair hearing faces an even heavier presumption of invalidity. *See In re Providence Journal Co.*, 820 F.2d 1342 *modified on reh'g by* 820 F.2d 1354, 1351 (1st Cir. 1986), *cert. granted and dismissed on other* grounds. In *Providence Journal,* the district court issued a temporary restraining order prohibiting a newspaper from publishing certain information in its possession and scheduled a hearing for several days later. The First Circuit found that the TRO constituted an unconstitutional prior restraint on pure speech. The court acknowledged the matter had come before the district court "on an emergency basis" but concluded absent the most compelling circumstances; because the approach resulted in a prior restraint on pure speech by the press it was impermissible and unconstitutional.

75. In addition to guaranteeing a party due process rights, a hearing increases the likelihood that any impingement on First Amendment rights that might follow will be well-founded.

76. Defendants failed to afford Plaintiff a hearing on the Gag Order.

77. The Court did not fully consider the effect the Gag Order could have on the First Amendment rights of Plaintiff.

78. The Court did not apply a strict scrutiny standard before entering into the Gag Order.

79. In issuing the Gag Order, the Court failed to identify any compelling government justifying the Gag Order.

80. The Court did not engage in any extensive analysis regarding whether there was a compelling governmental interest in issuing the Gag Order nor that the Gag Order was closely tailored to satisfy that compelling governmental interest.

81. The Court did not allow any discovery, testimony nor the production of the sexual addiction records to prove the truth or falsity of Marie's statements, prior to entering into the Gag Order.

82. The Court did not explore whether other available remedies.

83. The Gag Order failed to sufficiently narrowly tailor the Gag Order leaving it vague and overbroad.

84. Plaintiff was not provided with a hearing and the Gag Order was issued based solely on Dennis false allegations. As such Plaintiffs Fifth and Fourteenth Amendment procedural due process rights were violated.

85. As a direct and/or proximate cause of Defendants; actions in seeking, obtaining, enforcing, or threatening to enforce the Gag Order, Plaintiff has suffered and continues to suffer irreparable harm to her First and Fourteenth amendment rights to freedom of speech and expression.

## RELIEF REQUESTED

86. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

87. The conduct, actions and/or inactions of Defendant as alleged in the above stated counts and causes of action constitute violations of Plaintiff's Constitutional and Federal rights, and the United States District Court has jurisdiction or hear and adjudicate said claims.

88. In whole or in part, as a result of some or all of the above and/or inactions of Defendants, Plaintiff has and continues to suffer irreparable harm as a result of the violations.

**WHEREFORE**, Plaintiff request that this Court enter a Judgment in Plaintiff's favor against all named Defendants on all counts and claims as indicated above and award Plaintiff the following relief:

a) A declaration of Plaintiff's rights holding that the Gag Order is unenforceable as an unconstitutional prior restraint of Plaintiff's First and Fourteenth Amendment freedoms of free speech and expression;

b) A declaration of Plaintiff's right' holding that the Gag Order was entered in a manner which violated Plaintiff's Fifth and Fourteenth Amendments procedural due process rights;

c) An injunction to enjoin to Defendants from enforcing the Gag Order; and,

d) Plaintiff's interest, costs, and attorneys fees pursuant to 42 U.S.C. Section 1988.

Dated: March 23, 2018

Respectfully submitted,

By:_____

Marie Kaiser Napoli (MEK9058)
Napoli Law, LLP
400 Broadhollow Road, Suite 305
Melville, NY 11747
(631) 224-1133